UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

HERLO JOSEPH, an individual,

      Plaintiff,

vs.

PHOENIX HOLDINGS OF SOUTH FLORIDA, LLC,
a Florida Limited Liability Company,

      Defendant.

_____/

## COMPLAINT

1.     Plaintiff, HERLO JOSEPH (hereinafter referred to as "Plaintiff" and "JOSEPH"), was an employee of Defendant, PHOENIX HOLDINGS OF SOUTH FLORIDA, LLC, a Florida Limited Liability Company, d/b/a BURGER KING (hereinafter "Defendant" or "PHOENIX"), and brings this action against Defendant for alleged sex/gender discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.,* and the Florida Civil Rights Act (FCRA), F.S. §760.01 *et seq.*

2.     JOSEPH is an individual residing in Palm Beach County, Florida, within the jurisdiction of this Court.

3.     PHOENIX HOLDINGS OF SOUTH FLORIDA, LLC is a Florida Limited Liability that is part of 'THE PHOENIX ORGANIZATION," see http://phoenixorganization.com/about-us-2/, and owns and operates BURGER KING restaurants throughout South Florida and New York with common management and ownership, including the BURGER KING located at 1001 Dixie

1

Highway, Lantana, Florida 33462 in Palm Beach County within the jurisdiction of this Court.  See http://phoenixorganization.com/locations/

4.      Jurisdiction is conferred on this Court by 28 U.S.C. §1337, §1367 and 42 U.S.C. §2000.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in Palm Beach County, within the jurisdiction of the United States District Court for the Southern District of Florida.

6.      JOSEPH is a Twenty-Six (26) year old Male individual.

7.      At all times material to this action, JOSEPH was an employee of PHOENIX within the meaning of Title VII, 42 U.S.C. §2000e(f) and the FCRA, F.S. §760.02(6) and §760.10(a).

8.      At all times relevant to this action, PHOENIX had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year within the meaning of Title VII, 42 U.S.C. §2000e(b), and the FCRA, F.S. §760.02(7).

9.      At all times material to this action, PHOENIX was JOSEPH's employer within the meaning of Title VII, 42 U.S.C. §2000e(b), and the FCRA, F.S. §760.02(7).

10.      In approximately October 2016, PHOENIX hired JOSEPH as an hourly crewmember at Defendant's BURGER KING restaurant location at 1001 Dixie Highway, Lantana, Florida 33462, with Plaintiff's primary job duties between 2016 and 2018 including working as a cashier, cook, and carrying out other non-exempt duties throughout the restaurant.

11.      Between approximately October 2016 and July 2018, JOSEPH satisfactorily performed his duties as a Crewmember for PHOENIX, and JOSEPH's final regular rate of pay with PHOENIX in July 2018 was $8.75 per hour, see Exhibit A.

12.     In approximately April 2018, JOSEPH and Cenia Barthelemy, another PHOENIX employee at Defendant's Lantana BURGER KING, briefly dated outside of work for approximately two (2) weeks.

13.     After JOSEPH stopped dating Barthelemy, in approximately May 2018, Barthelemy became JOSEPH's immediate supervisor at PHOENIX's Lantana BURGER KING restaurant.

14.     In or around June 2018, Barthelemy subjecting JOSEPH to unwanted sexual harassment as part of Barthelemy refusing to take no for an answer when JOSEPH: (a) rejected Barthelemy's unwanted sexual advances; and (b) refused Barthelemy's attempts to .

15.     More specifically, beginning in approximately June 2018, Barthelemy subjected JOSEPH to ongoing sexual harassment on virtually a daily basis—with JOSEPH and Barthelemy working in PHOENIX's Lantana BURGER KING restaurant on the same day approximately Four (4) days per week during this time period—because Plaintiff was not interested in dating Barthelemy and when JOSEPH rejected Barthelemy's continuing sexual advances, Barthelemy began subjecting JOSEPH to retaliation including but not limited to, Barthelemy physically assaulting JOSEPH and throwing a trash bin at Plaintiff in the break room, after which Barthelemy clocked JOSEPH out and sent Plaintiff home for the day in an effort to punish JOSEPH.

16.     Shortly after Barthelemy physically attacked JOSEPH in June 2018 and sent Plaintiff home for the day, JOSEPH called PHOENIX's Manager, Heidi Christmas, and complained about Barthelemy's unwanted harassment, retaliation, and violence towards JOSEPH. In this regard, JOSEPH told Christmas that Plaintiff feared for his safety working in the store with Barthelemy.

17.     However, PHOENIX failed to take remedial action in June 2018 to protect JOSEPH and prevent Barthelemy from further harassing and retaliating against Plaintiff, and to the contrary, PHOENIX subjected JOSEPH to further retaliation by gradually reducing Plaintiff's work hours from approximately Forty (40) hours per week to approximately Twenty (20) hours per week.

18.     In approximately early July 2018, Barthelemy came into PHOENIX's Lantana BURGER KING restaurant on her day off and slapped JOSEPH across the face, put her hands around JOSEPH's throat and choked JOSEPH, and scratched JOSEPH's neck, all because JOSEPH because Plaintiff again rejected Barthelemy's unwanted sexual advances.

19.     JOSEPH promptly complained about Barthelemy's unwanted sexual harassment and retaliation in July 2018 by reporting Barthelemy's harassment and retaliation to one of PHOENIX's owners, Russell Lobello, but Defendant again failed to take any action to ensure Plaintiff's workplace was safe and free from Barthelemy's harassment, retaliation, and violence.

20.     Moreover, not only did PHOENIX fail to help JOSEPH in July 2018 in response to Plaintiff's complaints, but Defendant gave JOSEPH an ultimatum to either put up with Barthelemy's inappropriate conduct or leave his employment with Defendant.

21.     Between approximately June 2018 and July 2018, JOSEPH was repeatedly subjected to sexual harassment, disparate treatment, and hostile, physically violent behavior by Barthelemy because of JOSEPH's sex/gender, Male, to the point of JOSEPH fearing for his well-being and safety while working at PHOENIX's restaurant.

22.     Because of the sexually hostile and violent environment which JOSEPH was subjected to, as well as the retaliation, reduced work hours and impact on JOSEPH's earnings, and fears for his physical safety caused by PHOENIX's unlawful retaliation against JOSEPH, Plaintiff was constructively discharged by PHOENIX on or around July 16, 2018.

23.     All conditions precedent to the institution of the claims in this Complaint have either occurred or been waived.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24.     On January 29, 2019, JOSEPH dual filed a Charge of Discrimination against PHOENIX with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR), Charge No. 510-2019-01624, alleging facts about the sex/gender discrimination and retaliation by PHOENIX against JOSEPH in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*. and the Florida Civil Rights Act (FCRA), F.S. §760.01 *et seq*.  A copy of JOSEPH's EEOC Charge, Charge No. 510-2019-01624, is attached hereto as Exhibit B.

25.     On or around October 31, 2019, the EEOC issued a Notice of Right to Sue to JOSEPH in connection with EEOC Charge No. 510-2019-01624, see Exhibit C, which Notice was received by the undersigned counsel for JOSEPH via E-mail from EEOC Investigator Maximilian C. Feige on November 20, 2019.

26.     JOSEPH's Complaint with this Court is being filed on December 9, 2019, within Ninety (90) days of JOSEPH's November 20, 2019 receipt of the Notice of Right to Sue in connection with Charge No. 510-2019-01624, and Plaintiff exhausted all administrative remedies on the Title VII claims pled in this Complaint.

27.     As of December 9, 2019, more than One Hundred and Eighty (180) days have passed since the filing of JOSEPH's Charge of Discrimination and the FCHR did not issue any determination concerning JOSEPH's Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an

aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," JOSEPH has exhausted all administrative remedies under Florida as well as Federal law.

28.     All conditions precedent to the institution of this action have either occurred or been waived.

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
### 42 U.S.C. §2000e ET SEQ. - UNLAWFUL SEX/GENDER DISCRIMINATION

Plaintiff, HERLO JOSEPH, reasserts and reaffirms the allegations of Paragraphs 1 through 28 as if fully set forth herein and further states that this is an action against PHOENIX HOLDINGS OF SOUTH FLORIDA, LLC for Sex/Gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

29.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex ..."  42 U.S.C. §2000e-2(a)(1).

30.     Throughout the course of JOSEPH's employment with PHOENIX between approximately June 2018 and July 2018, JOSEPH was subjected to: (a) unwelcome sexual harassment, sexually hostile and violent behavior, and sex/gender discrimination—all because of JOSEPH's sex/gender, male—on a regular and recurring basis by Cenia Barthelemy, which conduct and harassment was severe and pervasive and constituted a hostile work environment; and (b) disparate treatment by Cenia Barthelemy because JOSEPH's sex/gender, Male, in violation of in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

31.     The sexual harassment and gender/sex discrimination against JOSEPH between approximately June 2018 and July 2018 was sufficiently severe and pervasive as to alter the terms, conditions and privileges of JOSEPH's employment with PHOENIX.

32.     PHOENIX's management knew or should have known of the unlawful sexual harassment and gender/sex discrimination against JOSEPH—including but not limited to because of JOSEPH's complaints to Heidi Christmas and Russell Lobello—but Defendant failed to take any corrective action to address the unlawful conduct against JOSEPH and instead constructively discharged JOSEPH from his employment with PHOENIX on or around July 16, 2018 after Defendant gave Plaintiff an ultimatum to either put up with Barthelemy's inappropriate conduct—and face further violence in the workplace—or leave his employment with PHOENIX, all because of JOSEPH's sex/gender, Male, in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

33.     PHOENIX'S disparate treatment of JOSEPH because of his sex/gender, Male, was so severe and pervasive that it altered, the terms, conditions, and privileges of JOSEPH's employment with Defendant, in violation of 42 U.S.C. §2000e-2(a)(1) & (2).

34.     A motivating factor behind PHOENIX's constructive discharge of JOSEPH from his employment in July 2018 was JOSEPH's sex/gender, Male, in violation of 42 U.S.C. §2000e-2(a)(1).

35.     PHOENIX's violations of JOSEPH's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for JOSEPH's rights as guaranteed under the laws of the United States.  As such, JOSEPH is entitled to punitive damages against PHOENIX pursuant to 42 U.S.C. §1981a(a)(1).

36.     JOSEPH has suffered and continues to suffer lost earnings and employment benefits, emotional distress, loss of self-esteem and other injuries as a direct result of PHOENIX's violations of 42 U.S.C. §2000e-2(a)(1) & (2).

37.     Pursuant to 42 U.S.C. §2000e-5(k), JOSEPH is entitled to recover his reasonable attorneys' fees and costs from PHOENIX.

WHEREFORE, Plaintiff, HERLO JOSEPH, demands judgment against Defendant, PHOENIX HOLDINGS OF SOUTH FLORIDA, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF**
**1964, 42 U.S.C. §2000e _ET SEQ._**

Plaintiff, HERLO JOSEPH, reasserts and reaffirms the allegations of Paragraphs 1 through 28 as if fully set forth herein and further states that this is an action against PHOENIX HOLDINGS OF SOUTH FLORIDA, LLC for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

38.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

39.     When JOSEPH objected to the sexual harassment, inappropriate gender/sex-based disparate treatment, sexually hostile behavior of, violent assaults by, and retaliation from his

immediate supervisor between approximately June 2018 and July 2018—which conduct of Barthelemy JOSEPH reasonably and in good faith believed was illegal—Plaintiff engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

40.     JOSEPH reasonably and in good faith believed he was being subjected to unlawful sexual harassment, discrimination and disparate treatment all based upon his gender/sex, Male, between approximately June 2018 and July 2018 when JOSEPH communicated his repeated objections to Barthelemy's improper conduct, as well as when JOSEPH complained to Heidi Christmas and subsequently to Rusell Lobello, as a result of which JOSEPH engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

41.     PHOENIX intentionally retaliated against JOSEPH in July 2018 (a) following JOSEPH'S objections to the sexually inappropriate and violent behavior of Barthelemy; and (b) because of JOSEPH's sexual harassment-gender/sex discrimination complaints to PHOENIX's management and ownership, including but not necessarily limited to when PHOENIX sent JOSEPH home from work early, reduced JOSEPH's work hours, and constructively discharged JOSEPH from his employment on or around July 16, 2018 after Defendant gave Plaintiff an ultimatum to either put up with Barthelemy's inappropriate conduct or leave his employment, in violation of 42 U.S.C. §2000e-3(a).

42.     The fact that JOSEPH engaged in activity protected by Title VII—by, *inter alia,* (a) objecting to the sexual harassment and gender/sex discrimination he was subjected to by Cenia Barthelemy; (b) verbally complaining to Barthelemy on multiple occasions between June 2018 and July 2018; and (c) formally reporting his discrimination complaints and the violence by Barthelemy to PHOENIX's management and ownership—was a motivating factor behind

PHOENIX constructively discharging JOSEPH from his employment with Defendant on or around July 16, 2018, in violation of 42 U.S.C. §2000e-3(a).

43.     PHOENIX'S unlawful retaliation against JOSEPH was intentional and done with malice and reckless disregard for JOSEPH'S rights as guaranteed under Title VII.  As such, JOSEPH is entitled to punitive damages against PHOENIX pursuant to 42 U.S.C. §1981a(a)(1).

44.     As a direct and proximate result of PHOENIX'S unlawful retaliation against JOSEPH, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of PHOENIX'S violations of 42 U.S.C. §2000e-3(a).

45.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), JOSEPH is entitled to recover his reasonable attorneys' fees and costs from PHOENIX.

WHEREFORE, Plaintiff, HERLO JOSEPH, demands judgment against Defendant, PHOENIX HOLDINGS OF SOUTH FLORIDA, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT III
## GENDER/SEX DISCRIMINATION AND SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, HERLO JOSEPH, reasserts and reaffirms the allegations set forth in paragraphs 1 through 28 above and further states that this is an action against PHOENIX HOLDINGS OF SOUTH FLORIDA, LLC for gender/sex discrimination in violation of Florida Statutes §760.10(1).

46.     The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ." F.S. §760.10(1)(a).

47.     At all times material to this action, PHOENIX was an employer within the meaning of F.S. §760.02(7).

48.     At all times material to this action, JOSEPH was an employee of PHOENIX within the meaning of F.S. §760.10(1)(a).

49.     At all times material to this action, JOSEPH has been an aggrieved person within the meaning of F.S. §760.02(10).

50.     Throughout the course of JOSEPH's employment with PHOENIX between approximately June 2018 and July 2018, JOSEPH was subjected to: (a) unwelcome sexual harassment, sexually hostile and violent behavior, and sex/gender discrimination —all because of JOSEPH's sex/gender, Male—on a regular and recurring basis by Cenia Barthelemy, which conduct and harassment was severe and pervasive and constituted a hostile work environment; and (b) disparate treatment by Cenia Barthelemy which was motivated by JOSEPH's gender/sex, Male, in violation of F.S. §760.10(1)(a) & (b).

51.     The sexual harassment and gender/sex discrimination against JOSEPH between June 2018 and July 2018 was sufficiently severe and pervasive as to alter the terms, conditions and privileges of JOSEPH's employment with PHOENIX.

52.     PHOENIX's management knew or should have known of the unlawful sexual harassment, gender/sex discrimination, and retaliation against JOSEPH between approximately

June 2018 and July 2018, but Defendant failed to take any corrective action to address the unlawful harassment and retaliation against Plaintiff.

53.     As a result of PHOENIX's failure to take prompt remedial action in response to JOSEPH's complaints, JOSEPH was subjected to further harassment and retaliation by Barthelemy and JOSEPH was ultimately constructively discharged by PHOENIX on or around July 16, 2018 after Defendant gave Plaintiff an ultimatum to either put up with Barthelemy's inappropriate conduct or leave his employment, in violation of F.S. §760.10(1)(a) & (b).

54.     A motivating factor behind PHOENIX's termination of JOSEPH's employment was Plaintiff's gender/sex, Male, in violation of F.S. §760.10(1)(a) & (b).

55.     PHOENIX's violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for JOSEPH's rights as guaranteed under the laws of the State of Florida, such that JOSEPH is entitled to punitive damages against PHOENIX pursuant to F.S. §760.11(5).

56.     JOSEPH has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of PHOENIX's violations of F.S. §760.10(1).

57.     Pursuant to F.S. §760.11(5), JOSEPH is entitled to recover his reasonable attorneys' fees and costs from PHOENIX.

WHEREFORE, Plaintiff, HERLO JOSEPH, demands judgment against Defendant, PHOENIX HOLDINGS OF SOUTH FLORIDA, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as this Honorable Court deems proper.

## <u>COUNT IV</u>
## <u>RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10</u>

Plaintiff, HERLO JOSEPH, reasserts and reaffirms the allegations set forth in paragraphs 1 through 28 above and further states that this is an action against PHOENIX HOLDINGS OF SOUTH FLORIDA, LLC, for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

58.     Pursuant to F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

59.     When JOSEPH objected to the sexual harassment, inappropriate gender/sex-based disparate treatment, sexually hostile behavior of, violent assaults by, and retaliation from his immediate supervisor, Cenia Barthelemy, between approximately June 2018 and July 2018— which conduct of Barthelemy JOSEPH reasonably and in good faith believed was illegal— Plaintiff engaged in protected activity within the meaning of the FCRA, F.S. §760.10.

60.     PHOENIX intentionally retaliated against JOSEPH in July 2018: (a) following JOSEPH'S objections to the sexually inappropriate and violent behavior of Barthelemy; and (b) because of JOSEPH's sexual harassment-gender/sex discrimination complaints to PHOENIX's management and ownership, including but not necessarily limited to when PHOENIX sent JOSEPH home from work early, reduced JOSEPH's work hours, and constructively discharged Plaintiff from his employment on or around July 16, 2018 after Defendant gave Plaintiff an ultimatum to either put up with Barthelemy's inappropriate conduct or leave his employment, all in violation of all in violation of F.S. §760.10(7).

61.     The fact that JOSEPH engaged in activity protected by the FCRA—by, *inter alia,* (a) objecting to the sexual harassment and gender/sex discrimination he was subjected to by Cenia Barthelemy; (b) verbally complaining to Barthelemy on multiple occasions between June 2018 and July 2018; and (c) formally reporting his discrimination complaints and the violence by Barthelemy to PHOENIX's management and ownership—was a motivating factor behind PHOENIX constructively discharging JOSEPH from his employment with Defendant on or around July 16, 2018, in violation of F.S. §760.10(7).

62.     Barthelemy's and PHOENIX's unlawful retaliation against JOSEPH was sufficiently severe and pervasive to alter the terms, conditions and privileges of JOSEPH's employment with PHOENIX, culminating with Defendant constructively discharging JOSEPH from his employment on or around July 16, 2018 after PHOENIX gave Plaintiff an ultimatum to either put up with Barthelemy's inappropriate conduct or leave his employment, all in violation of F.S. §760.10(7).

63.     The fact that JOSEPH engaged in activity protected by the FCRA—by, *inter alia,* (a) objecting to the sexual harassment, gender/sex discrimination and retaliation JOSEPH was subjected to by Cenia Barthelemy; (b) verbally complaining to Barthelemy on multiple occasions between June 2018 and July 2018; and (c) formally reporting his discrimination complaints PHOENIX's management and ownership—was a motivating factor behind PHOENIX's termination of JOSEPH's employment on or around July 16, 2018, in violation of F.S. §760.10(7).

64.     PHOENIX's violations of JOSEPH's rights under §760.10 were intentional and were done with malice and reckless disregard for JOSEPH's rights as guaranteed under the laws of the State of Florida, such that JOSEPH is entitled to punitive damages against PHOENIX pursuant to F.S. §760.11(5).

65.     JOSEPH has suffered and continues to suffer loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of PHOENIX's unlawful retaliation.

66.     Pursuant to F.S. §760.11(5), JOSEPH is entitled to recover his reasonable attorneys' fees and costs from PHOENIX.

WHEREFORE, Plaintiff, HERLO JOSEPH, demands judgment against Defendant, PHOENIX HOLDINGS OF SOUTH FLORIDA, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## **<u>JURY TRIAL DEMAND</u>**

HERLO JOSEPH demands trial by jury on all issues so triable.

Dated:  December 9, 2019                     Respectfully submitted,


By:     **<u>KEITH M. STERN</u>**
          Keith M. Stern, Esquire
          Florida Bar No. 321000
          E-mail:  employlaw@keithstern.com
          LAW OFFICE OF KEITH M. STERN, P.A.
          80 S.W. 8th Street, Suite 2000
          Miami, Florida 33130
          Telephone:  (305) 901-1379
          Fax:  (561) 288-9031
          Attorneys for Plaintiff

# EXHIBIT A

#075199 - Herlo Joseph
2755

Check # 21927

## Earnings

| | Rate | Hours | Current | YTD |
|---|---|---|---|---|
| Bonus Mon | | | | |
| Overtime | | | | 19.00 |
| Regular | 8.75 | 52.33 | 457.89 | 31.93 |
| Retro Pay | | | | 8,911.41 |
| | | | | 49.50 |
| **Gross Pay** | | | 457.89 | 9,011.84 |

## Company Paid Benefits - Continued

| | Current | YTD |
|---|---|---|
| SUTA:FL | | 11.22 |
| **Total** | 35.03 | 742.60 |

## Taxes Withheld

| | Taxable | Taxable YTD | Current | YTD |
|---|---|---|---|---|
| FIT | 457.89 | 9,011.84 | 31.56 | 735.56 |
| FICA | 457.89 | 9,011.84 | 28.39 | 558.73 |
| MEDI | 457.89 | 9,011.84 | 6.64 | 130.67 |
| **Total** | | | 66.59 | 1,424.96 |

## Tax Allowance Settings

Federal:     Single/0

## Net Pay

| | Current | YTD |
|---|---|---|
| | 391.30 | 7,586.88 |
| Check | 391.30 | 7,586.88 |

## Company Paid Benefits [1]

| | Current | YTD |
|---|---|---|
| FUTA | | 41.98 |
| FICA | 28.39 | 558.73 |
| MEDI | 6.64 | 130.67 |
| -- More -- | | |

[1] For information purposes only. No effect on your net pay.

**Phoenix Holdings of South Florida**
941 Clint Moore Rd, Ste A
Boca Raton, FL 33487

THE PHOENIX ORGANIZATION

TD BANK, NA
82-1482
670

Check Date:     07/23/2018
Check #:     21927
Check Protected by Positive Pay

**NOT VALID AFTER 60 DAYS**

Pay To The
Order Of:  **Herlo Joseph**

Amount: | Three Hundred Ninety One Dollars and 30/100 Cents*********************************************** | $ | ****391.30

2755  075199  07/23/2018  21927

**Herlo Joseph**

Authorized Signature

DOCUMENT CONTAINS BLUE PANTOGRAPH & MICROPRINTING. BACK HAS THERMOCHROMIC INK & A WATERMARK, HOLD AT AN ANGLE TO VIEW. VOID IF NOT PRESENT.

⑈21927⑈ ⑆067014822⑆ 43422168 20⑈

# EXHIBIT B

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form.

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 510-2019-01624 |
| Florida Commission on Human Relations | | and EEOC |

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | S.S. No. | |
|---|---|---|---|
| Herlo Joseph | ▮▮▮▮▮▮ | ▮▮▮▮ | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮ | | ▮▮▮▮▮ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Phoenix Holdings of South Florida, LLC, d/b/a Burger King | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include Area Code) (561) 536-3660 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 941 Clint Moore Road, Suite A | Boca Raton, FL 33487 | Palm Beach |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ AGE  ☒ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER (Specify) | EARLIEST (ADEA/EPA)   LATEST (ALL) 7/16/2018   ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in or around October 2016 as a crewmember in Respondent's Burger King restaurant located in Lantana, Florida.

After I dated Cenia Barthelemy briefly, Ms. Barthelemy subsequently became my immediate supervisor in approximately May 2018. In or around June 2018, Ms. Barthelemy began subjecting me to sexual harassment as part of Ms. Barthelemy refusing to take no for an answer when I rejected her unwanted sexual advances. In this regard, Ms. Barthelemy subjected me to sexual harassment because I was not interested in dating her and when I rejected her continuing advances, Ms. Barthelemy physically assaulted me and retaliated against me, including in approximately June 2018 when Ms. Clocked me out and sent me home for the day after she threw a trash bin at me. Following that incident, I complained to Respondent's Manager, Heidi Christmas, about Ms. Barthelemy's sexual harassment and retaliation. However, Respondent failed to take action to prevent Ms. Barthelemy's harassment and retaliation from continuing and instead, my work hours were gradually reduced.

In approximately mid-July 2018, Ms. Barthelemy came into the restaurant on her day off, slapped me, and tried to choke me because I continued to reject her sexual advances. I promptly complained to one of Respondent's owners, Rusell Lobello, about Ms. Barthelemy's sexual harassment and retaliation but Respondent again failed to take action to ensure the workplace was safe and free from Ms. Bethelemy's harassment, retaliation, and violence. However, Respondent refused to help me and instead gave me an ultimatum to either put up with Ms. Bethelemy's inappropriate conduct or leave my job. Because of the sexually hostile and violent work environment, and the reduced hours and impact on my earnings, I was constructively discharged by Respondent on or around July 16, 2018. I believe Respondent subjected me to sexual harassment, gender/sex discrimination, and retaliation, all in violation of Title VII of the Civil Rights Act and the Florida Civil Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)  RECEIVED  JAN 29 2019  EEOC MIAMI DISTRICT OFFICE |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.  1-11-19      ~signature~  Date          Charging Party (Signature) | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT   SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (Test 10/94)

# EXHIBIT C

EEOC Form 161 (11/16)

U.S. ... JUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Herlo Joseph**

From: **Miami District Office**
**Miami Tower, 100 S E 2nd Street**
**Suite 1500**
**Miami, FL 33131**

7019 0160 0000 6922 6616

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2019-01624** | **MAXIMILIAN FEIGE,** Investigator | **(305) 808-1821** |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Nizya-Santo Wright*

OCT 3 1 2019

Enclosures(s)

**Michael J. Farrell,**
**District Director**

(Date Mailed)

cc:
**Respondent Representative**
**Jonathan Kross, Esq., General Counsel**
**Phoenix Holdings of South Florida, LLC D.B.A.**
**Burger King**
**941 Clint Moore Road, Suite A**
**Boca Raton, FL 33487**

**Charging Party Representative**
**Keith Stern, Esq.**
**Law office of Keith M. Stern, P.A.**
**14 NE 1st Avenue, Suite 800**
**Miami, FL 33132**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***